# In the United States District Court
# for the District of Columbia

|  |  |  |
|---|---|---|
| GIORGI RTSKHILADZE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 20-cv-1591 (CRC) |
| | ) | |
| ROBERT S. MUELLER, III, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| *Defendants.* | ) | |

**Plaintiff's Response in Opposition to the Special Counsel's
Motion to Dismiss Because It Should Be Denied as Moot**

**Introduction**

Plaintiff is pursuing only one claim against Special Counsel Robert S. Mueller, III, and the Special Counsel's Motion to Dismiss does not address it.[1] With respect to the Special Counsel, plaintiff seeks a name-clearing hearing under the Declaratory Judgment Act (Count II) for a declaration that Footnote 112 of the Report on the Investigation into Russian Interference in the 2016 Presidential Election (Mueller Report or Report) was sensationally defamatory and deprived him of his liberty interest in his career as an American businessman, focused primarily on fostering economic, civic, and cultural ties between the United States, his adopted country, and the Republic of Georgia, his native country. To be sure, plaintiff asserts two damages claims

---

[1] Although Count I of the Amended Complaint is broad enough to pursue a *Bivens* claim for damages against the Special Counsel and a defamation-plus claim against the Department of Justice (DOJ), plaintiff is pursing only a name-clearing hearing under the Fifth Amendment (Count II) against the Special Counsel.

against DOJ: (i) a defamation-plus claim (Count I), and (ii) a Privacy Act claim for "actual damages" (Count IV).[2]

**Argument**

The Amended Complaint alleges that Footnote 112 deprived plaintiff of is liberty interest guaranteed by the Fifth Amendment because he was not provided the opportunity to be heard either before the Report was made public or immediately after it was published when he sent a letter to the Attorney General that detailed precisely why Footnote 112 was defamatory. Plaintiff seeks a name-clearing hearing in Count II under the Declaratory Judgement Act that the Special Counsel deprived him of his liberty interest in his career without due process of law.

In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 400 (1971), Justice Harlan in his concurring opinion stated that it must be presumed that the federal courts have the equitable power to enjoin the violation of constitutional rights, citing *Bell v. Hood*, 327 U.S. 678, 684 (1948). And, if equitable relief is available for the violation of plaintiff's liberty interest guaranteed by the Due Process Clause, then it must follow that under the Declaratory Judgment Act, the Court has the power to declare that the tangible, career-ending, status-changing conduct of the Special Counsel violated plaintiff's liberty interest guaranteed by the Due Process Clause. In *Ranger v. Tenet*, 274 F.2d 1, 9-10 (D.D.C. 2003), a security officer of the CIA filed suit alleging that he had been denied due process in the appeals procedures following revocation of

---

[2] Plaintiff also asserts two equitable claims for relief against DOJ: (i) a claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701, *et seq.*, based upon the Attorney General's decision to release the Report after redacting certain information, including derogatory information about individuals mentioned in the Report but not charged (Count II) and (ii) a claim under the clarity provision of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C) also under the APA (Count III).

his security clearance. The court rejected plaintiff's claim for damages but held that to the extent plaintiff "can prove a liberty interest in reputation (including stigma) during the course of this lawsuit—he would still be injured by the allegedly defamatory statements contained in it. A declaratory judgment or 'name-clearing' hearing would remedy this alleged injury." The same conclusion was reached in *Committee on Judiciary, U.S. H.R. v. Miers*, 558 F. Supp. 2d 53, 82 (D.D.C. 2008):

> [W]here the Constitution is the source of the right allegedly violated, no other source of a right—or independent cause of action—need be identified. The parties point to no case—and the Court is aware of none—in which a court declined to hear a case requesting declaratory relief where subject matter jurisdiction was present and a plaintiff's constitutional rights were arguably implicated simply because the plaintiff did not have an independent cause of action apart from the DJA.

The Special Counsel's Motion does not address plaintiff's claim for declaratory relief under Count II but focuses instead upon a *Bivens* claim under Count I. Accordingly, the Motion to Dismiss should be denied as moot.

**Conclusion**

For the foregoing reasons, the Special Counsel's Motion to Dismiss should be denied as moot.

Respectfully submitted,

/s/ *Jerome A. Madden*
Jerome A. Madden
THE MADDEN LAW GROUP PLLC
1455 Pennsylvania Ave., NW, Suite 400
Washington, DC 20004
(202) 349-9836
JMadden@TheMaddenLawGroup.com
District of Columbia Bar No. 272260

3

**Certificate of Service**

On October 12, 2020, I certify that I caused to be served, by way of the CM ECF system, on counsel for Robert S. Mueller, III and the Department of Justice copies of Plaintiff's Response in Opposition to the Special Counsel's Motion to Dismiss Because It Should Be Denied as Moot.

/s/ *Jerome A. Madden*
Jerome A. Madden