IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIORGI RTSKHILADZE,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT S. MUELLER, III<br>*In his individual capacity*<br><br>and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants. | Case No. 1:20-cv-1591-CRC |

**MOTION TO SEAL PLAINTIFF'S RULE 60 MOTION AND ASSOCIATED EXHIBITS, ECF Nos. 37, 37-1, 37-2, 37-3, AND 37-4 AND STAY BRIEFING ON THE RULE 60 MOTION**

By this Motion, Defendant the United States Department of Justice requests that the Court immediately seal Plaintiff's Rule 60 motion and associated exhibits, docketed as ECF Numbers 37, 37-1, 37-2, 37-3, and 37-4. As Plaintiff alludes to in his Rule 60 motion filed yesterday, Plaintiff and his counsel filed an application before Chief Judge Howell pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) to review Mr. Rtskhiladze's grand jury testimony. *See generally In re Grand Jury Proceedings*, 20-gj-48 (D.D.C., application filed October 27, 2021).

Chief Judge Howell granted Plaintiff and his counsel limited access to review that testimony on December 9, 2021. Minute Order, *In re Grand Jury Proceedings*, 20-gj-48 (Dec. 9, 2021). Chief Judge Howell did not grant Plaintiff the right to obtain a transcript of his testimony or authorize the further disclosure of any grand jury material. To the contrary, in granting

1

Plaintiff and his counsel the limited ability to review, Chief Judge Howell stated: "[f]inally, to be clear, this Order does not by itself authorize further disclosure (e.g., *for inclusion in filings to be made in the related civil matter*) of the contents of the transcripts and exhibits at issue by applicant or the government." Minute Order, *In re Grand Jury Proceedings*, 20-gj-48 (Dec. 9, 2021) (emphasis added).

Chief Judge Howell subsequently clarified that Plaintiff and his counsel could take notes (subject to later destruction) during their review. Mem. & Order, *In re Grand Jury Proceedings*, 20-gj-48, ECF No. 11 (Dec. 29, 2021). While this order noted Mr. Rtskhiladze's ultimate goal of making a public filing, *id.* at 4, the order does not itself authorize any such disclosure, in either specific or general terms. Defendant understood that Plaintiff would either file under seal or seek leave from Chief Judge Howell to disclose grand jury material from his review. *See, e.g.*, Mot. of Giorgi Rtskhiladze for Permission to Take Notes During the Review of the Transcript of His Grand Jury Testimony, *In re Grand Jury Proceedings*, 20-gj-48, ECF No. 8 (Dec. 15, 2021) ("After he has reviewed the transcript, Applicant intends to submit an affidavit *under seal* in his district court suit and ask that it be made part of the record on appeal." (emphasis added)).

Plaintiff's Rule 60 motion purports to include and rely on the contents of the grand jury transcript and exhibits. *See, e.g.*, Decl. of Giorgi Rtskhiladze, ECF No. 37-3; Mem. Supp. Pls.' Mot. Under Rule 60(b)(2) & (6) at 19-22, ECF No. 37-1. In order to prevent further potentially unauthorized dissemination of grand jury information, and consistent with Judge Howell's order limiting disclosure, Defendants respectfully request that the Court immediately seal Plaintiff's motion and its exhibits. Defendants intend to raise these issues before Chief Judge Howell and will update this Court as those proceedings progress. Meanwhile, due to Judge Howell's express limitation on use of the information, Defendants are unable to respond to Plaintiff's motion.

Accordingly, in addition to sealing the pleading, Defendants asks that the Court stay Defendant's response time until Judge Howell provides further guidance.

Undersigned counsel sought the position of Plaintiff's counsel on this motion. Plaintiff's counsel stated that he "believe[s] DOJ's recourse is to file a clarification motion with Judge Howell—not Judge Cooper" and would "oppose any motion to seal before Judge Cooper." While Defendant agrees that Chief Judge Howell's input should be sought on the meaning of her orders, Defendant respectfully submits that the above-cited docket entries should immediately be sealed pending clarification from Chief Judge Howell as a precautionary measure.

Dated: January 20, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Branch Director
Federal Programs Branch

/s/ *Rebecca M. Kopplin*
REBECCA M. KOPPLIN
Trial Attorney (California Bar No. 313970)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3953
Fax: (202) 616-8470
rebecca.m.kopplin@usdoj.gov

*Counsel for the United States*