IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIORGI RTSKHILADZE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. MUELLER, III<br>*In his individual capacity*<br><br>　　and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>　　　　　　Defendants. | Case No.  1:20-cv-1591-CRC |

## JOINT NOTICE

Pursuant to the Court's Minute Order of April 14, 2022, the parties submit the following responses to the Court's three topics:

(1) whether the Court should lift the current stay of briefing on [37] Plaintiff's Rule 60(b) Motion in light of Chief Judge Howell's April 8, 2022, denial of Plaintiff's Motion for Reconsideration in grand jury action No. 21-48 (BAH)

**Plaintiff's position:**

Plaintiff has preliminarily decided to appeal the decision of Chief Judge Howell denying unrestricted access to his grand jury transcript. The stay, therefore, should be maintained until a final decision to appeal is made. If Plaintiff appeals the Order, consideration of the Rule 60(b) materials should be stayed until the appeal is resolved by the D.C. Circuit. Although *In re Grand Jury*, 490 F.3d 978 (D.C. Cir. 2007) did not reach the issue of a witness's right to their transcript, the D.C. Circuit will reach that issue in the appeal of this matter.

To the extent that Rule 6(e) requires that a witness provide a reason, unrestricted access to Plaintiff's grand jury transcript is needed to avoid a secret resolution of this case either in this

1

Court or the D.C Circuit. As the Chief Judge noted "the whole purpose of petitioner's review of his grand jury transcript is to reveal accurately portions thereof ***intended to be filed publicly*** in a civil case to dispute other information already publicly disclosed in the Mueller Report." Mem. Order at 4 (December 29, 2021, No. 21-gj-48 (BAH)) (ECF 11) (Emphasis added).

The Government has chosen to release to the world parts of the Mueller Report that Plaintiff claims defamed him. Plaintiff seeks only to place his transcript on equal footing in the public domain. Doing so would enable him to demonstrate in a transparent forum the "intentional or willful" nature of that defamation as required by the Privacy Act.

The Government's mantra that Plaintiff initially did not seek unrestricted access is hollow. As Plaintiff noted to Chief Judge Howell, the caution in the initial motion to seek only a right to review the transcript was made without the benefit of review. That review, however, revealed that there is nothing in that transcript that could possibly "out" litigation tactics, lead to intimidation of witnesses, affect the privacy interests of others, or in any other way affect grand jury processes in the future.

**Defendants' position:**

As Defendants have previously stated, they believe that the parties should proceed by first conferring regarding a redacted version of Plaintiff's Rule 60(b) motion and its accompanying exhibits that is appropriate for filing on the public docket, and then resuming briefing on the remaining filings relating to Plaintiffs' Rule 60(b) motion.

Defendants stand ready to begin that process at the Court's convenience. Defendants understand that Plaintiff has preliminarily decided to appeal Chief Judge Howell's decision and prefers not to continue with proceedings on Plaintiff's Rule 60(b) motion prior to the resolution

of that appeal, or until Plaintiff reaches a final decision not to appeal. Defendants do not object to this delay, but defer to the Court's preferences on timing.

> (2) whether it is necessary to redact or continue to seal the Plaintiff's pending motion, and any future filings, to protect grand jury material, consistent with Chief Judge Howell's order

**Plaintiff's position:**

In the event consideration of the Rule 60(b) materials is not stayed, those materials and any future filings should be redacted consistent with Chief Judge Howell's Order.

**Defendants' position:**

As Chief Judge Howell concluded, Plaintiff's Rule 60(b) motion and its attachments, including the declaration of Mr. Rtskhiladze, contain grand jury material that Chief Judge Howell declined to authorize for public release. *See* Mem. Op. & Order at 9, *In re Grand Jury Proceedings*, 21-gj-48 (D.D.C.), ECF No. 20 ("Despite this Court's clear direction that providing access to the grand jury transcript did not, without more, constitute permission to disclose materials obtained from such review in even a sealed filing, let alone a public one, petitioner proceeded to file such materials publicly in the civil matter."); *see also* Mem. Op. Denying Reconsideration at 25, *In re Grand Jury Proceedings*, 21-gj-48 (D.D.C.), ECF No. 26 ("[P]etitioner *did* need permission in the related case to file the Declaration even under seal, failed to seek it, and took his non-compliance with Court order a step further by filing the Declaration publicly." (emphasis added)). Accordingly, the entirety of Plaintiff's Rule 60(b) motion and its attachments should not be unsealed either now or at any point in the future, as Plaintiff tacitly acknowledges.

However, only some portions of Plaintiff's Rule 60(b) motion and exhibits constitute grand jury material, and it is therefore also unnecessary to proceed with the entirety of Plaintiff's

Rule 60(b) motion and attachments under seal. Accordingly, to facilitate the public's access to judicial records to the greatest extent possible while complying with grand jury secrecy and Chief Judge Howell's orders, Defendants propose that the parties confer and agree upon a redacted version of Plaintiff's Rule 60(b) motion and its attachments that is appropriate for filing on the public docket. This approach was contemplated by Chief Judge Howell. *See* Mem. Op. Denying Reconsideration at 20 n.13 ("[T]his Court's orders do not preclude the parties in the related civil case from agreeing on redacted versions of the Rule 60 Motion to be disclosed publicly and unsealed through an order by the presiding judge in that case—a process not requiring further intervention by the undersigned."). Chief Judge Howell further provided instructive guidance on the scope of material that should remain under seal:

> Taken together, [Chief Judge Howell's orders] restrict only petitioner's disclosure of materials obtained or derived from the in-person review of his grand jury transcript. To the extent that portions of the Rule 60 Motion fall outside such restriction, those portions need not be sealed on account of this Court's orders and Rule 6(e). Additionally, to the extent that petitioner has shown that certain facts that he testified about before the grand jury have already become public on account of the Senate Report, it also follows that petitioner's public disclosure of the fact of that grand jury testimony is permissible, . . . .

Mem. Op. Denying Reconsideration at 20 n.13. Defendants stand ready to confer on this topic with Plaintiff at the Court's convenience.

(3) whether it is appropriate to file the full transcript of Plaintiff's grand jury transcript, ex parte and under seal, as contemplated by Chief Judge Howell's order

**Plaintiff's position:**

Subject to Plaintiff's answers to questions one and two, at the very least, the Court should require that the transcript be filed under seal. Obviously, the Court would benefit from reviewing the transcript as opposed to a summary of it in Plaintiff's Declaration. The Government has not provided any persuasive reason to the contrary. The Government's

continued reliance upon the fact that Plaintiff initially did not seek the release of the transcript is explained in Plaintiff's position as to the first question.

**Defendants' position:**

Defendants do not believe that the filing of Mr. Rtskhiladze's grand jury transcript, *ex parte* and under seal, is necessary for this Court's resolution of Plaintiff's Rule 60(b) motion. Indeed, Plaintiff wrote and filed the motion with the understanding that it could be resolved on the basis of the supporting materials contemporaneously provided by Plaintiff, including the declaration of Mr. Rtskhiladze. As Chief Judge Howell noted:

> The claim that the full transcript would now for some reason be of great value to the court in the related case flies in the face of the entire premise of this docket: that a sealed declaration based on an in-person review of the transcript would allow petitioner adequately to supplement the record for appeal. It does not follow that the entire transcript is now necessary—unless petitioner's Declaration is deficient in some way, which naturally petitioner does not claim.

Mem. Denying Reconsideration at 24-25. The Court already has access to Plaintiff's motion and Mr. Rtskhiladze's declaration under seal. In the likely event that the Court is able to resolve Plaintiff's Rule 60(b) motion without reference to the grand jury transcript, its filing would only result in the inclusion of irrelevant and unnecessary materials in the docket.

Defendants respectfully suggest that, after the parties' complete their briefing on Plaintiff's Rule 60(b) motion, the Court inform the parties if it believes that review of Mr. Rtskhiladze's grand jury transcript would assist in its resolution, and, in that event, Defendants can file the transcript *ex parte* and under seal at that time.

| | |
|---|---|
| Dated: April 21, 2022 | Respectfully submitted, |
| /s/ Jerome A. Madden<br>Jerome A. Madden<br>THE MADDEN LAW GROUP PLLC<br>1455 Pennsylvania Ave., NW, Suite 400<br>Washington, DC 20004<br>(202) 349-9836 (Office)<br>(703) 444-3567 (Direct)<br>JMadden@TheMaddenLawGroup.com<br>District of Columbia Bar No. 272260 | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br>Federal Programs Branch<br><br>BRIGHAM J. BOWEN<br>Assistant Branch Director<br>Federal Programs Branch<br><br>/s/ *Rebecca M. Kopplin*<br>REBECCA M. KOPPLIN<br>Trial Attorney (California Bar No. 313970)<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20005<br>Tel: (202) 514-3953<br>Fax: (202) 616-8470<br>rebecca.m.kopplin@usdoj.gov<br><br>*Counsel for the United States* |