IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIORGI RTSKHILADZE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. MUELLER, III<br>*in his individual capacity*,<br><br>and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants. | Case No.  1:20-cv-1591-CRC |

**MOTION TO STRIKE AND TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED UNDER 28 U.S.C. § 1927**

For the reasons set forth below, Plaintiff's "Motion for the Discretionary Award of Attorney's Fees Under the Privacy Act," (ECF # 73) should be stricken as filed in contravention of the settlement reached in this case.[1]

1.  Upon motion, a court may strike "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Although disfavored as a general matter, this motion presents a circumstance where such relief should be granted.  The Plaintiff' bargained away any right to file a motion for attorney's fees and received a benefit in return.  The government should

---

[1] Before filing this motion, undersigned counsel offered Plaintiff's counsel an opportunity to withdraw his motion.  He declined.

1

not be required to join issue on Plaintiff's motion, as it is utterly immaterial to this now closed matter. Instead, it should be stricken, and Plaintiff's counsel appropriately admonished.[2]

2. The Parties reached a settlement of this matter on December 18, 2025. In consideration for posting on the Department's website that Plaintiff is "Georgian-American," Plaintiff agreed that each party would "bear its own costs, attorney fees, and expenses for this litigation." *See* Settlement Agreement and Release ¶ 3, attached at Exhibit 1. Defendant upheld its part of the bargain and posted the agreed-upon statement to the specified website location.

3. The Settlement Agreement was the product of extended negotiations, including on the topic of attorney fees. Plaintiff sought the website posting and attorney fees. Defendant sought finality and initially entertained the possibility of reasonable fees.[3] Plaintiff, however, sought $648,888 in fees, a number Defendant rejected out of hand. Plaintiff's alternative offer was to agree on a "reasonable fee" that the court would determine based on motions practice. Having assessed the remaining legal claim in the case to be lacking in any merit, the government chose to abandon settlement and litigate the remaining claim. Accordingly, at the status conference on December 11, 2025, undersigned counsel reported that the parties were at impasse:

> MS. SHAPIRO: There truly is an impasse. We were prepared to settle in exchange for finality. We're not interested in litigating fees, and we're quite confident on the remaining merits issues.

---

[2] Plaintiff's motion for fees can also be independently stricken based on Plaintiff's counsel failure to confer with undersigned counsel under Local Rule 7.1(m).

[3] Ordinarily, details of parties' settlement negotiations should remain between counsel. Because Plaintiff's counsel breached the settlement agreement, however, and attached (partial) email communications between the parties pertaining to settlement, he has opened the door to their inclusion.

Transcript, at 3: 16-19, attached at Exhibit. 2.  To undersigned counsel's surprise, Plaintiff's counsel told the Court that he was prepared to forgo fees.  *Id*. at 6:4.  The Court then sent the parties back to the bargaining table, noting that "either there is a settlement agreement with a reservation of rights, if the department agrees to forgo any waiver or releases, or there's not."  *Id*. at 6:12-14.

        4.       The Settlement Agreement provides no such reservation of rights.  To the contrary, the Settlement Agreement states that each side will bear its own costs, fees and expenses and includes a full waiver of Plaintiff's rights to pursue further relief.  Nevertheless, Plaintiff's counsel claims – in a sworn declaration – that he "did not waive, and expressly reserved, the right to seek attorney's fees from the Court," citing to the email in Exhibit A.  The cited email says no such thing.  Rather, it states, "we continue to object to the provision in the settlement that requires us to forego fees and believe that DOJ has an unwritten policy of including such language even where the plaintiff is the prevailing party …."   In response, counsel for the government wrote: "Understood, your objections are noted, and the government understands that your signature on this agreement *constitutes your and your client's acceptance of its terms despite the objections mentioned below.*"  *See* Email from Jessia Lundberg to Jerry Madden, Dec. 17, 2025, attached at Exhibit 3 (emphasis added).

        5.       Even if Plaintiff's counsel had sent an email expressly reserving the right to seek fees from the Court (which he did not), and even if the government had agreed to it in an email (which it did not), it would have no bearing.  Paragraph 8 of the Settlement Agreement states that the Settlement Agreement contains "the entire agreement between Plaintiff and Defendant," and "no representation or understanding, whether written or oral, that is not expressly set forth herein

shall be enforced or otherwise given any force of effect in connection with the Agreement." Exh. 1, ¶ 8.

6. If that were not clear enough, Plaintiff agreed in the Settlement Agreement to a full release and waiver of rights. Specifically, Paragraph 5 of the Settlement Agreement states that "Plaintiff hereby releases, waives, acquits, and forever discharges Defendant from, and *is forever barred and precluded from prosecuting*, *any and all claims*, causes of action, or requests for any monetary or injunctive relief" arising out this action. *Id.*, ¶ 5 (emphasis added). The instant motion for fees constitutes just such a prohibited claim for relief.

7. The Court has ample basis on which to issue an order to show cause why Plaintiff's counsel should not be sanctioned for vexatiously multiplying the proceedings under 18 U.S.C. § 1927. Under this provision, the district court must find that "the offending attorney's multiplication of the proceedings was both 'unreasonable' and 'vexatious.'" *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998), quoting *Travelers Ins. v. St. Jude Hosp. of Kenner, La.,* 38 F.3d 1414, 1416–17 (5th Cir.1994). For such a finding to be valid, "evidence of recklessness, bad faith, or improper motive must be present." *Id.*

8. Here, Plaintiff's counsel has demonstrated both bad faith and improper motive, and vexatiously multiplied the proceedings by forcing the government to respond to this motion. Specifically, Plaintiff's counsel (1) bargained in bad faith by inducing the government into a settlement and reaping the benefit of that settlement while intending to violate it by filing a motion for fees that the government had expressly rejected as a condition of settlement; (2) filed a false affidavit attesting that a communication contained a reservation of rights that it did not, and purposely omitted the responding communication that lays bare the falsehood of the attestation; (3) made frivolous legal arguments, including an argument that purports to apply to this case the

4

Supreme Court's decision in *Evans v. Jeff D.*, 475 U.S. 717 (1986), a civil rights class action under Rule 23 and where court approval of the settlement was required; and (4) suggested a "pattern and practice" of allegedly improper agency behavior without a shred of evidence.

WHEREFORE, the Court should strike Plaintiff's motion from the docket, and require Plaintiff's Counsel to show cause why he should not be sanctioned for his actions in connection with this filing.

Dated: January 20, 2026            Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General

                                           */s/ Elizbeth J. Shapiro*
                                           Elizabeth J. Shapiro
                                           Jessica A. Lundberg
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, D.C. 20005
                                           (202) 514-5302
                                           Elizabeth.Shapiro@usdoj.gov

                                           *Counsel for the United States*