# In the United States District Court
# for the District of Columbia

| | |
|---|---|
| **GIORGI RTSKHILADZE**, | ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | )    No. 1:20-cv-1591-CRC <br> ) |
| **ROBERT S. MUELLER, III,** | ) <br> ) |
| and | ) <br> ) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | ) <br> ) |
| *Defendants.* | ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## TO STRIKE AND FOR SANCTIONS UNDER 28 U.S.C. § 1927

### INTRODUCTION

Defendant's Motion to Strike and for Sanctions ("Motion") should be denied in its entirety. The Government's request rests on its mischaracterization of the record and its flawed view of applicable law. Plaintiff's counsel acted transparently, ethically, and within established legal boundaries.

Before agreeing to settlement, counsel expressly objected to DOJ's fee-waiver condition and advised this Court at the December 11, 2025, status conference that settlement was acceptable *except for the fee waiver issue*, which counsel preserved for judicial resolution and offered to resolve through mediation or briefing. And prior to signing the settlement agreement counsel expressly stated in an email that counsel objected to the waiver provision as part of an unlawful practice intended to thwart the purposes of the Privacy Act. That record disproves any claim of deception or sanctionable conduct.

Importantly, counsel was ethically obligated to put the interests of the client before his own. Plaintiff wished to settle, and counsel acted consistent with that obligation—even though continuing litigation might have been in counsel's financial interest to obtain fees after final judgment. This ethical duty demonstrates that counsel's conduct was guided by professional responsibility and loyalty to the client, not by self-interest or any intent to multiply proceedings.

## ARGUMENT

### I.   RULE 12(f) DOES NOT APPLY AND DOES NOT AUTHORIZE THE RELIEF DOJ SEEKS.

Fed. R. Civ. P. 12(f) authorizes the striking of "redundant, immaterial, impertinent, or scandalous" matter from pleadings—not post-judgment fee motions. Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule's application is strictly limited to formal pleadings as defined in Federal Rule 7(a), which includes only complaints, answers to complaints, answers to counterclaims designated as counterclaims, answers to crossclaims, third-party complaints, answers to third-party complaints, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7.

Motions for attorney's fees under Rule 54(d)(2) are not pleadings under Rule 7(a), and DOJ cites no authority extending Rule 12(f) to such motions. Even if the government were correct on the merits of its fee-waiver argument (it is not), striking the motion is procedurally unavailable. The Court must evaluate the fee request under the Privacy Act and Rule 54(d)(2), not an inapplicable pleading rule.

II. **PLAINTIFF'S COUNSEL'S FEE APPLICATION WAS FILED IN GOOD FAITH AND IS SUPPORTED BY THE RECORD.**

    A. **Counsel's On-The-Record Statements to the Court Confirm Good Faith and Defeat Any Claim of Deception.**

At the December 11, 2025, status conference, counsel stated:

> Yes, Your Honor. We have agreed with DOJ on terms to settle this litigation with a statement by DOJ on their website …. My client is very interested in settling on that basis.
>
> However, there is an issue of fees that we have a disagreement with … the Department of Justice, and I suggested last evening—not much time for DOJ to respond—I suggested perhaps this may be something that should go to the district court mediation team to work out.

Tr. 3:3-11.

> If I may, my client is interested very much in settling on the terms that have been offered. The only issue is whether we are going to be required to put in the settlement that we forego fees. If that is something that we cannot resolve here in [ ] mediation I would suggest briefing and a decision before the court – then so be it, and we will take action accordingly once the case is settled.
> …

Tr. at 5:12-20.

> We will agree to forego fees reserving our rights to challenge under *Evans* as a retribution attack tactic. We believe DOJ has a policy and practice of always making these demands. We think that's wrong. We think that's a violation of the … [Privacy] Act.

Tr. at 6:4-8.

The transcript makes plain that counsel's actions were transparent, consistent with prior representations, and designed to advance the client's interests—not counsel's own financial gain.

    B. **Counsel's Express Written Objection Preserved the Issue for Judicial Determination.**

Before signing the settlement, Plaintiff's counsel sent DOJ a written objection to the fee-waiver condition, raising concern about DOJ's apparent uniform practice. DOJ acknowledged

3

receipt and confirmed understanding that counsel's signature would constitute acceptance of the settlement *despite the objection*:

> Also for the reasons we have previously stated in emails and in court, we continue to object to the provisions in the settlement that require us to forego fees and believe that DOJ has an unwritten policy of including such language even where the plaintiff is the prevailing party and all of the policy factors favor the payment of fees, as they do here. We can agree to disagree about the application of those criteria in this case.

DOJ's response was not to threaten a frivolous sanction motion. Instead, DOJ responded: "Understood, your objections are noted …." That correspondence was disclosed to the Court in Exhibit A to the Motion for fees. There was no concealment or mischaracterization.

    **C.    Counsel Had an Objectively Reasonable Basis to Seek Discretionary Fees Under the Privacy Act.**

The Privacy Act allows courts to award "reasonable attorney's fees" where the complainant has "substantially prevailed." 5 U.S.C. § 552a(g)(2)(B). Plaintiff achieved substantial relief through the D.C. Circuit reversal, denial of DOJ's renewed motion to dismiss, and the agency's amendment of its records, which it could not and would not have done if the corresponding statement in Footnote 112 of the Mueller Report had been factually correct, as Plaintiff had contended throughout the five-and-a-half year litigation. Counsel reasonably relied on *Evans v. Jeff D.*, 475 U.S. 717 (1986); *Blazy v. Tenet*, 194 F.3d 90 (D.C. Cir. 1999) to raise a colorable, legally significant question about DOJ's fee-waiver practices. Filing a Rule 54(d)(2) motion was entirely within the bounds of professional advocacy.

    **D.    Counsel's Ethical Obligations Reinforce Good Faith.**

It is axiomatic that a lawyer is ethically bound to put the client's interests above their own. See D.C. Bar Rules 1.2, 1.3, and 1.7(b)(4). Here, Plaintiff wished to settle the case, and counsel honored that preference—even though continuing litigation to final judgment could have

4

maximized personal financial recovery through attorney's fees. Counsel disclosed the reason he was agreeing to settle despite the objectionable language in the settlement agreement about the waiver of fees. Before signing the agreement, he informed DOJ that while continuing to object to DOJ's demand that fees be waived: "[W]e have a fiduciary duty to our client who wants to settle this case along the lines proposed by DOJ in the settlement agreement." Exhibit A to the Motion.

Acting in accordance with the client's instructions demonstrates that counsel's decisions were guided by professional ethics, not by any improper motive to multiply proceedings or harass the government. The filing of the fee motion is fully consistent with these ethical duties and does not constitute sanctionable conduct.

      **E.    The Government's "Heads I Win, Tails You Lose" Position Seeks to Neuter the Purposes of the Privacy Act.**

Critically, under the government's position, a Privacy Act plaintiff could never challenge a fee waiver when the client wishes to settle, because counsel would be ethically obligated to follow the client's settlement instructions. Accepting DOJ's view would render the statutory fee-shifting mechanism meaningless whenever a plaintiff prefers settlement and would immunize systemic government practices from judicial review. DOJ's policy sends a powerful message—wholly at odds with the purposes of the Privacy Act—to counsel contemplating representing a plaintiff in a complex Privacy Act case to be prepared to donate thousands of hours of their time to rectify an egregious misuse of the government's power of the pen. The policy also powerfully warns prospective Privacy Act plaintiffs: Despite the fee-shifting provision of the Act, plan to bear your own attorney's fees even if you substantially prevail through settlement.

Counsel's conduct—preserving the fee issue while respecting the client's settlement preference—was therefore both ethically required and fully consistent with the Privacy Act.

It is also telling that the government accuses counsel of unnecessary proceedings despite taking over five-and-a-half years, and forcing plaintiff to incur substantial attorney's fees, before admitting the obvious mischaracterization of Mr. Rtskhiladze as a "Russian businessman." The grand jury transcript clearly established that he was a longtime American businessman from the Republic of Georgia, a resident of the U.S. for decades, and at the time of his grand jury testimony a U.S. citizen. Plaintiff on the record twice objected to the senior prosecutor characterizing him as a "Russian businessman." The transcript is in the record, and this delay further undermines DOJ's claims of bad faith.

### III. THE GOVERNMENT'S ASSERTIONS OF BAD FAITH AND VEXATIOUS CONDUCT ARE UNFOUNDED.

The D.C. Circuit requires a high threshold for imposing sanctions under 28 U.S.C. § 1927. In *United States v. Wallace*, 964 F.2d 1214 (1992), the court established that "attorney behavior must be at least 'reckless' to be sanctionable under that section." The court defined recklessness as requiring "deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *Id*. at 1220.

A plaintiff's attorney who, as here, files a post-settlement motion for fees under the Privacy Act cannot be sanctioned under 28 U.S.C. § 1927 where the attorney informed both DOJ and the court of his objection to DOJ's demand for a fee waiver and was settling only because his client wished to accept the settlement. Such a motion does not constitute sanctionable "multiplying the proceedings" under D.C. Circuit precedent. The advance disclosure demonstrates good faith conduct that falls well below the "at least reckless" standard required for § 1927 sanctions, and the Privacy Act's fee-shifting provisions create legitimate grounds for post-settlement fee recovery when the plaintiff substantially prevailed.

6

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Strike and for Sanctions should be denied.

                                                          Respectfully submitted,

                                         */s/ Jerome A. Madden*
                                         Jerome A. Madden
                                         The Madden Law Group PLLC
                                         1455 Pennsylvania Ave., N.W.
                                         Suite 400
                                         Washington, D.C 20004
                                         (202) 349-8936 Office
                                         (703) 444-3567 Direct
                                         (703) 444-3567 Facsimile
                                         JMadden@TheMaddenLawGroup.com
                                         D.C. Bar No. 272260

January 21, 2026

## CERTIFICATE OF SERVICE

I hereby state that on January 21, 2026, I caused to be served by CM ECF a copy of Plaintiff's Opposition to the Government's Motion to Strike and to Show Cause Why Plaintiff's Counsel Should Not be Sanctioned under 28 U.S.C. § 1927 upon counsel for Defendants:

>Elizabeth J. Shapiro
>Jessica A. Lundberg
>Attorneys
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street, N.W.
>Washington, D.C. 20530

>>*/s/ Jerome A. Madden*
>>Jerome A. Madden