IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIORGI RTSKHILADZE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT S. MUELLER, III<br>*in his individual capacity*,<br><br>and<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants. | Case No.  1:20-cv-1591-CRC |

**REPLY IN SUPPORT OF MOTION TO STRIKE AND TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED UNDER 28 U.S.C. § 1927**

Plaintiff's opposition brief is glaring for what it omits: any mention of the terms of the settlement agreement that binds him.  Instead, Plaintiff claims that he "objected" to the settlement agreement because he wanted to file a fee petition, yet he signed a settlement agreement that waived any right to do so.  As Plaintiff's counsel was well aware, fee litigation was exactly what the government rejected in settlement discussions, and the reason that the government proposed briefing on the merits when the parties were last before the Court.  Plaintiff's claim that his "express written objection" in an email "preserved" the issue for judicial review – notwithstanding the express terms of a signed agreement – strains credulity for any lawyer, but particularly one with decades of experience.  Plaintiff's fee petition should be stricken.

1

1.     Plaintiff claims that he was "duty-bound" to accept the terms of the settlement. Apparently, he was not similarly duty-bound to abide by the settlement. Plaintiff's counsel negotiated a benefit on behalf of his client and then proceeded to violate the agreement after that benefit was received. Accepting the settlement means abiding by its terms. Those terms explicitly provided for each side to bear its own fees and costs, *see* Settlement Agreement and Release ("Agreement"), ¶ 3. The Agreement similarly made clear that no extrinsic writing or understanding could change the terms of the Agreement, and that Plaintiff waived any and all rights to litigate any aspect of this case further. *Id.*, ¶¶ 5, 8. Had Plaintiff included a reservation of rights in the Agreement, the government would have rejected it. Plaintiff knew that, because the government had already rejected his proposal to litigate fees during the parties' negotiations. Accordingly, there can be no other conclusion than that Plaintiff understood the terms of the settlement but violated them anyway. That conduct amounts to either bad faith or incompetence or both. In any case, the government should not pay the price of having to litigate a fee petition filed in direct contravention of the governing Settlement Agreement.

2.     Plaintiff's counsel insists that he preserved the right to litigate fees in writing, in an email. But as should be clear from the Agreement itself, that cannot be the case: The Agreement provides that, "[t]his Agreement and its Appendix *contain the entire agreement* between the Plaintiff and Defendant as to the Civil Action *and superseded all previous agreements, whether written or oral*." Settlement Agreement and Release, ¶ 8 (emphasis added). Plaintiff's counsel fails entirely to address the terms of the Agreement, yet by its terms the Agreement is the controlling document. Even government counsel's response to Plaintiff's counsel's email (which was *not* included in Plaintiff's Exhibit A), made clear that Plaintiff's counsel's signature on the Agreement constitutes "acceptance of its terms *despite*" his objections to it. *See* email from Jessica

Lundberg to Jerry Madden, Dec. 17, 2025 (Govt. Exh. 3) (emphasis added).  If Plaintiff's counsel had wanted to preserve his so-called objection, he should not have signed the Agreement and the parties could have proceeded to litigate the final merits claim as government counsel originally proposed.  Plaintiff's counsel was also free to sign the Agreement and then sue his client for outstanding fees.  What counsel could *not* do is sign a Settlement Agreement that waived any right to recover fees from the government, wait to receive the benefit of the bargain, and then intentionally violate the Agreement by filing a fee petition.

3.         Plaintiff's only legal argument in response is that the Court lacks the power to strike his motion because his motion is not technically a "pleading."  As a consequence, Plaintiff argues that the government must respond to, and the Court adjudicate, Plaintiff's fee petition regardless of whether it was improperly filed.  Pl. Opp. at 2.  But this Court obviously possesses the authority to strike improperly filed documents, whether under Rule 12(f) or the Court's inherent authority to manage its own docket.  As Judge Bates aptly explained,

> "[D]istrict courts have the inherent authority ... to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This broad power includes the authority to strike material from its docket for noncompliance with court orders or rules. *Cf. Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("[T]he inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, *and such other orders and sanctions as they find necessary*...." (emphasis added)); *Ali v. Tolbert*, 636 F.3d 622, 627 (D.C. Cir. 2011) (quoting *Shepherd*, 62 F.3d at 1472); *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("[A] District Court ha[s] jurisdiction to grant ... motion[s] to strike pursuant to its inherent powers."); *HLFIP Holding, Inc. v. Rutherford Cnty.*, No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) ("The Court may strike improvident filings based on its inherent authority to manage its own docket.  This includes the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." (citation omitted)).

*Doe #1 v. Am. Fed'n of Gov't Emps.*, No. CV 20-1558, 2023 WL 22059, at *3 (D.D.C. Jan. 3, 2023). Whichever mechanism the Court employs, Plaintiff's deliberate violation of the Agreement should not be countenanced.

Dated: January 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

*/s/ Elizabeth J. Shapiro*
Elizabeth J. Shapiro
Jessica A. Lundberg
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 514-5302
Elizabeth.Shapiro@usdoj.gov

*Counsel for the United States*

4